Filed 11/22/21  P. v. Franklin CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>LESLEY WILLIAM FRANKLIN, JR.,<br><br>Defendant and Appellant. | C093554<br><br>(Super. Ct. Nos.<br>20CF02911, 20CF04625) |

Appointed counsel for defendant Lesley William Franklin, Jr., filed an opening brief setting forth the facts of the case and asking this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  After reviewing the entire record, we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 123-124.)

BACKGROUND

In June 2020, a police officer conducted a welfare check on defendant, who was sleeping in a parking lot.  The officer woke defendant, defendant identified himself, and a

1

"warrants check" revealed he was on parole. The officer searched defendant and found a five-inch fixed blade kitchen knife in defendant's rear pocket along with a nine and one-half-inch nail. Defendant was arrested. The People subsequently charged him with two counts of carrying a concealed dirk or dagger in Butte County Superior Court case No. 20CF02911 (Pen. Code, § 21310).[1] After a preliminary hearing, defendant was released on bail.

While out on bail, police officers made contact with defendant in a park in Chico. Defendant identified himself and told the officers he was on parole. While waiting for "dispatch" to conduct a records check, defendant "made a spontaneous statement" to the officers: " 'I found a gun' then muttered, 'I have it under the couch.' " Defendant showed the officers where to find the gun. After they found the gun, the officers arrested defendant.

The People later charged defendant in Butte County Superior Court case No. 20CF04625 with possession of a firearm by a felon (§ 29800, subd. (a)(1)) and misdemeanor receipt of stolen property (§ 496, subd. (a)). The People further alleged the crime was committed while defendant was out on bail, and he was previously convicted of two strike offenses.

On November 10, 2020, defendant pleaded no contest to carrying a concealed dirk or dagger in Butte County Superior Court case No. 20CF02911, and to being a felon in possession of a firearm in Butte County Superior Court case No. 20CF04625. Defendant also admitted to two prior felony convictions. In exchange for his plea, the People moved to dismiss the remaining charges and allegations in both cases and agreed to a stipulated term of three years eight months in state prison.

---

**1**     Undesignated statutory references are to the Penal Code.

The trial court sentenced defendant in accordance with his plea agreement. The court ordered him to pay various fines and fees and awarded him custody credit in each case. Defendant appealed without a certificate of probable cause.

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts and procedural history of the case and asks this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief. Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable error that would result in a disposition more favorable to defendant. Accordingly, we affirm the judgment.

## DISPOSITION

The judgment is affirmed.

       KRAUSE       , J.

We concur:

      DUARTE      , Acting P. J.

      RENNER      , J.